IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,443




EX PARTE RANDALL LOUIS MCCOY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. B-16,777A IN THE 173RD JUDICIAL DISTRICT COURT
FROM HENDERSON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to escape and was
sentenced, pursuant to a plea agreement, to five years’ imprisonment. He did not appeal his
conviction. 
            Applicant contends that his plea agreement was breached because he is not receiving all the
pre-sentencing jail time credit he was awarded on the judgment. The specific amount of pre-sentencing jail time credit was an affirmative element of the plea agreement in this case. The amount
of time with which Applicant was to be credited was more than the time he spent in jail on this
particular charge, although Applicant may have been in jail pursuant to another charge that was taken
into consideration in sentencing for this case. The Texas Department of Criminal Justice cannot give
Applicant credit for jail time served prior to the commission of the offense for which he is presently
incarcerated. See Tex. Code Crim. Proc. art. 42.03 §2(a). Applicant’s plea bargain is
unenforceable, and the State agrees that he is entitled to relief.
            Relief is granted. The judgment in Cause No. B-16,777 in the 173rd Judicial District Court
of Henderson County is set aside, and Applicant is remanded to the custody of the Sheriff of
Henderson County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: November 3, 2010
Do Not Publish